

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ROSSARIO'S FINE JEWELRY, INC., an Illinois )
corporation, individually, and on behalf of all )
others similarly situated, )
     )
         Plaintiff, )
     )
         vs. )
     )
PADDOCK PUBLICATIONS, INC., a Delaware )
corporation, and JOHN DOES 1-10, )
     )
         Defendants. )

06CV3820
JUDGE SHADUR
MAGISTRATE JUDGE DENLOW

No. _____

**FILED**

JUL 1 4 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF REMOVAL

Defendant, Paddock Publications, Inc. ("Paddock"), by and through its attorneys Lord,

Bissell & Brook LLP, and pursuant to 28 U.S.C. §§ 1441(c), 1446 and 1367(a) states as follows:

     1.     This action was commenced on or about June 3, 2006, when plaintiff, Rossario's

Fine Jewelry, Inc. ("Rossario's" or "Plaintiff"), filed a putative Class Action Complaint in the

Circuit Court of Cook County, Illinois, County Department, Chancery Division under court

number 06 CH 10992.

     2.     On or about June 20, 2006, the Complaint and Summons were served upon

Paddock.

     3.     Rossario's alleges that Paddock sent to it an "unsolicited facsimile advertisement"

in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the

Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"). Rossario's also alleges that the sending

of the facsimile constituted "conversion" under Illinois common law.

4.     Because Plaintiff's alleged claim under the TCPA arises under federal law, this action could have been brought in the United States District Court pursuant to 28 U.S.C. § 1331. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005) ("[R]emoval [of a putative TCPA class action] is authorized not only by the Class Action Fairness Act but also by § 1441, because the claim arises under federal law."); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06 C 0949, 2006 U.S. Dist. LEXIS 29667, *7 (N.D. Ill. Apr. 19, 2006) (holding that remand of a TCPA action would be improper because subject matter jurisdiction for such claims exists under 28 U.S.C. § 1331).

5.     This Court has supplemental jurisdiction over Plaintiff's ICFA and common law conversion claims under 28 U.S.C. § 1367(a) because the claims in this case arise out of the same case or controversy.

6.     This Notice of Removal is timely in that it is filed within 30 days from the date Paddock received a copy of the Summons and Complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (holding that the removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons…").

7.     Copies of all process, pleadings, and orders served upon Paddock are filed with this Notice. (Exhibit A.)

8.     Paddock will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

9.     A copy of this Notice will be filed with the Clerk of the Circuit Court of Cook County, Illinois as required by 28 U.S.C. § 1446(d).

2

CHI1 1222270v1

WHEREFORE, defendant, Paddock Publications, Inc., requests removal of this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

PADDOCK PUBLICATIONS, INC.

By: _____

One of Its Attorneys

John F. Kloecker
Michael G. Salemi
Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, Illinois 60606-4410
Telephone: 312.443.0323
Facsimile: 312.896.6323

# EXHIBIT A

## COUNTY DEPARTMENT - CHANCERY DIVISION

ROSSARIO'S FINE JEWELRY, INC., an Illinois )
corporation, individually, and on behalf of all )
others similarly situated, )
                            )
              Plaintiff, )
                            )
                            )
            vs. )     No.
                            )
PADDOCK PUBLICATIONS, INC., a Delaware )
corporation and JOHN DOES 1-10, )
                            )
              Defendants. )

PLEASE SERVE: PADDOCK PUBLICATIONS, INC.
            c/o   *President/CEO*
                 Douglas K. Ray
                 155 East Algonquin Road
                 Arlington Heights, Illinois 60005

### S U M M O N S

To each defendant:

       YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room 802, Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

       This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

                                          JUN 0 2 2006

                              WITNESS, _____ , 2006

                                     Clerk of Court

| | |
|---|---|
| Name | ZIMMERMAN AND ASSOCIATES, PC |
| Attorney for | Plaintiff |
| Address | 100 West Monroe, Suite 1300 |
| City | Chicago, Illinois 60603 |
| Telephone | (312) 440-0020 |
| Atty No. | 34418 |

Date of service: _____ , 2006
(To be inserted by officer on copy left
with defendant or other person)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## COUNTY DEPARTMENT - CHANCERY DIVISION

| | |
|---|---|
| ROSSARIO'S FINE JEWELRY, INC., an Illinois corporation, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>PADDOCK PUBLICATIONS, INC., a Delaware corporation and JOHN DOES 1-10,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br> No.<br>)<br>)   06CH10009<br>)<br>)<br>)<br>) |

PLEASE SERVE: PADDOCK PUBLICATIONS, INC.
    c/o *President/CEO*
      Douglas K. Ray
      155 East Algonquin Road
      Arlington Heights, Illinois 60005

### S U M M O N S

To each defendant:

  YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room 802, Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

  This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS,  JUN 02 2006  , 2006

              BROWN
              OF COURT
_____
     Clerk of Court

| | |
|---|---|
| Name<br>Attorney for<br>Address<br>City<br>Telephone<br>Atty No. | ZIMMERMAN AND ASSOCIATES, PC<br>Plaintiff<br>100 West Monroe, Suite 1300<br>Chicago, Illinois 60603<br>(312) 440-0020<br>34418 |

Date of service: _____ , 2006
(To be inserted by officer on copy left
with defendant or other person)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

ROSSARIO'S FINE JEWELRY, INC., an Illinois )
corporation, individually, and on behalf of all )
others similarly situated, )
                                           )
                     Plaintiff, )
                                           )
                     vs. )      No.
                                           )
PADDOCK PUBLICATIONS, INC., a Delaware )
corporation, and JOHN DOES 1-10, )
                                           )
                     Defendants. )

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.      Plaintiff ROSSARIO'S FINE JEWELRY, INC. ("ROSSARIO'S") brings this action to secure redress for the actions of defendant PADDOCK PUBLICATIONS, INC. ("PADDOCK"), in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2.      The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

### PARTIES

3.      Plaintiff ROSSARIO'S FINE JEWELRY, INC. is an Illinois corporation that maintains telephone facsimile equipment in Illinois.

4.     Defendant PADDOCK PUBLICATIONS, INC. is a Delaware corporation, located and doing business in Cook County, Illinois. PADDOCK publishes, markets and sells the *Daily Herald* newspaper.

5.     Defendants JOHN DOES 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisement described below. Plaintiff does not know who they are.

### JURISDICTION AND VENUE

6.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    (a)     have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state, and

    (b)     have transacted business in Illinois.

### FACTS

7.     On or about May 30, 2006, plaintiff received the unsolicited fax advertisement (attached hereto as Exhibit A) on its facsimile machine.

8.     Discovery may reveal the transmission of additional faxes as well.

9.     Defendants are responsible for sending or causing the sending of the fax (Exhibit A) that plaintiff received.

10.    Defendant PADDOCK, as the entity whose products or services were advertised in the fax, derived economic benefit from the sending of the fax.

11.    The fax refers to a website registered to defendant PADDOCK.

12.    Plaintiff had no prior relationship with defendants and had not authorized the sending of fax advertisement to plaintiff.

2

13.     On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

14.     On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 50 other persons in Illinois.

15.     There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I
### (Telephone Consumer Protection Act)

16.     Plaintiff incorporates ¶¶ 1-15.

17.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. §227(b)(1)(C).

18.     The TCPA, 47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State —

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

3

19.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

20.    Plaintiff and each class member is entitled to statutory damages.

21.    Defendants violated the TCPA, even if their actions were only negligent.

22.    Defendants should be enjoined from committing similar violations in the future.

### Class Allegations

23.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of defendant PADDOCK, and on or before a date 20 days following his action, (c) were sent faxes by or on behalf of defendant PADDOCK promoting its goods or services for sale (d) and with respect to whom defendants cannot provide evidence of express consent or an established business relationship prior to the faxing.

24.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 50 members of the class.

25.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

> a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;
>
> b.    The manner in which defendants compiled or obtained their list of fax numbers;
>
> c.    Whether defendants thereby violated the TCPA;

4

      d.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA;

      e.     Whether defendants thereby converted the property of plaintiff.

26.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

27.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

28.     Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. 94 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind. App. 2003); Hooters of Augusta, Inc. v. Nicholson, 245 Ga.App. 363 (Ga. App. 2000) (private class actions); State of Texas v. American Blastfax, Inc., 164 F.Supp.2d 892 (W.D. Tex. 2001) (state enforcement action).

29.     Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a.     Actual damages;

      b.     Statutory damages;

      c.     An injunction against the further transmission of unsolicited fax advertising;

5

    d.    Costs of suit;

    e.    Such other or further relief as the Court deems just and proper.

**COUNT II**
**(Illinois Consumer Fraud Act)**

30.    Plaintiff incorporates ¶¶ 1-15.

31.    Defendants engaged in unfair acts and practices, in violation of ICFA §2, 815 ILCS 505/2, by sending unsolicited fax advertisements to plaintiff and others.

32.    Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

33.    Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

34.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

35.    Defendants engaged in such conduct in the course of trade and commerce.

36.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing the ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due." Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

6

37.     Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

38.     Defendants should be enjoined from committing similar violations in the future.

### Class Allegations

39.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant PADDOCK, and on or before a date 20 days following his action, (c) were sent faxes by or on behalf of defendant PADDOCK promoting its goods or services for sale (d) and with respect to whom defendants cannot provide evidence of express consent or an established business relationship prior to the faxing.

40.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 50 members of the class.

41.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

        a.      Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

        b.      Whether defendants thereby violated the TCPA;

        c.      Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA;

        d.      Whether defendants thereby convened the property of plaintiff.

42.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business

7

practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

43.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

44.     Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.     Appropriate damages;

b.     An injunction against the further transmission of unsolicited fax advertising;

c.     Attorney's fees, litigation expenses and costs of suit;

d.     Such other or further relief as the Court deems just and proper.

### COUNT III
### (Conversion)

45.     Plaintiff incorporates ¶¶ 1-15.

46.     By sending plaintiff and the class members unsolicited faxes, defendants convened to their own use ink or toner and paper belonging to plaintiff and the class members.

47.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

48.     By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

8

49. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

50. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

51. Defendants should be enjoined from committing similar violations in the future.

### Class Allegations

52. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant PADDOCK, and on or before a date 20 days following his action, (c) were sent faxes by or on behalf of defendant PADDOCK promoting its goods or services for sale (d) and with respect to whom defendants cannot provide evidence of express consent or an established business relationship prior to the faxing.

53. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 50 members of the class.

54. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

   b. Whether defendants thereby violated the TCPA;

   c. Whether defendants thereby committed the tort of conversion;

   d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA;

   e. Whether defendants thereby converted the property of plaintiff.

9

55. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

56. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

57. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.     Appropriate damages;

        b.     An injunction against the further transmission of unsolicited fax advertising;

        c.     Costs of suit;

        d.     Such other or further relief as the Court deems just and proper.

Plaintiff ROSSARIO'S FINE JEWELRY, INC., individually, and on behalf of all others similarly situated,

By: _____

Thomas A. Zimmerman, Jr.
ZIMMERMAN AND ASSOCIATES, P.C.
100 West Monroe, Suite 1300
Chicago, Illinois 60603
(312) 440-0020
Firm No. 34418

Counsel for the Plaintiff and Class

10

05-30-2006  13:11    FROM-

# DailyHerald
Big Picture . Local Focus

# FAX Memorandum

To:     Mario-Rossario's Fine Jewelery

                                        FAX: 630-238-1113

From:   TONI VENTRELLA                  TELEPHONE:  630-955-3564
EMAIL:  tventrella@dailyherald.com      FAX:  630-955-1806

Date:   5-30-06

Re:

Total  number  of  pages  1
sent:

**Good Afternoon!**
I wanted to let you know about our June Special during June 8-June 17. You
choose the section, full run. We are only limited to the following number of
ad sizes per day:

2-Full Pages @ $1350 each day
4-Half Pages @ $800 each day
6-Quarter Pages @ $500 each day

Call today to reserve your ad space. First-come, first-serve.
Thanks!

Paddock Publications
Post Office Box 2497
Naperville, Illinois 60567-2497
Telephone 630-955-3564
Fax 630-955-1806
www.dailyherald.com

Exhibit A

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney, Michael G. Salemi, hereby certifies that he served the foregoing NOTICE OF REMOVAL upon:

>Thomas A. Zimmerman, Jr.
>ZIMMERMAN AND ASSOCIATES, P.C.
>100 West Monroe, Suite 1300
>Chicago, Illinois 60603

via U.S. mail, postage pre-paid on this 14th day of July, 2006.

Michael G. Salemi

CHI1 1222270v1